In the Matter of J. S. HOLT for Orders of Distribution of Moneys Awarded by the Court of Claims.

WALTER CHYZOWYCH, Claimant, v. STATE OF NEW YORK, Respondent. SAUGERTIES COAL AND LUMBER COMPANY, INC., Appellant. J. S. HOLT et al., Respondents. (Claim No. 41487.)

WALTER CHYZOWYCH, Claimant, v. STATE OF NEW YORK, Respondent. FIRST TRUST COMPANY OF ALBANY, Appellant. J. S. HOLT et al., Respondents. (Claim No. 41487.)

LEW SHANKOWSKY et al., Claimants, v. STATE OF NEW YORK, Respondent. SAUGERTIES COAL AND LUMBER COMPANY, INC., Appellant. J. S. HOLT et al., Respondents. (Claim No. 41478.)

Third Department, October 31, 1967.

*G. R. Bartlett, Jr.,* for Saugerties Coal and Lumber Company, Inc., appellant.

*Cooper, Erving & Savage* (*Andrew A. Matthews* of counsel), for First Trust Company of Albany, appellant.

*Conway, Conway & Conway* for J. S. Holt, respondent.

*Louis J. Lefkowitz, Attorney-General,* for State of New York, respondent.

*Moon & Clay* for Catskill Savings and Loan Association, respondent.

*Seymour Meadow* for Mountain Top Electric Corp., respondent.

*Stephen J. Jarema* for Self-Reliance (J. C.) Federal Credit Union and another, respondents.

*Paul Fromer* for Alexander L. Schultz, respondent.

*Weiss & Kleinfeld* for the First National Bank of Fleischmanns, N. Y., respondent.

*Martin J. Rubin* for American Finance Corporation of Philadelphia, respondent.

*J. August Gerber* for Girard Trust Corn Exchange Bank, respondent.

*William I. Rodier, Jr.,* for Chemical Bank New York Trust Company, respondent.

*John O. Flis* for estate of Dmytro Bahlay and others, respondents.

GABRIELLI, J. Appeals from Special Term orders of distribution of moneys awarded by the Court of Claims for the appropriation of lands pursuant to the Conservation Law, and deposited with the Comptroller (Court of Claims Act, §§ 22, 23), are taken in three cases by the assignees of the owners of lands so appropriated; assignments being given in two of the cases by claimant Chyzowych, to appellant Saugerties Coal and Lumber Company, Inc. and National Bank of Windham, now appellant First Trust Company of Albany, respectively, and in the third case being given by claimants Shankowsky to said appellant Saugerties. The only party responding to the appeal is Self-Reliance (J. C.) Federal Credit Union, a judgment creditor. In directing distribution, Special Term confirmed and followed the reports of a Special Referee, who found that the liens of judgment creditors must be given priority over assignments. The three appeals involve but two claims and the briefs present the issues of priority only as between the two assignees and the one judgment creditor hereinbefore named.

## CHYZOWYCH CLAIM NO. 41487

### (Appeals Nos. 11493 and 11772)

Claimant Walter Chyzowych owned certain lands in Greene County, part of which was appropriated by the State on April 13, 1962 and at which time, title to the appropriated lands vested in the State.

On September 8, 1962 Chyzowych assigned his interest in the proceeds of this claim to the Saugerties Coal and Lumber Company, Inc. The instrument to accomplish this was termed "ASSIGNMENT OF PROCEEDS" and stated that he assigned "all monies now due or which hereafter may be due to me by reason of appropriation by the State of New York, filed pursuant to the Conservation Law of the State of New York, which said notice of appropriation was dated August 8, 1962, and was duly recorded in the office of the Greene County Clerk on the 13th day of August, 1962." There appears to be no dispute that the assignor was indebted to the assignee at this time, for goods sold and delivered.

On March 14, 1963 Chyzowych executed an assignment, to National Bank of Windham, now appellant First Trust Company of Albany, whereby he set over to the assignee the sum of $717.60 "now due or to become due from The People of the State of New York in connection with the appropriation by The People of the State of New York of certain properties owned by

said Walter Chyzowyck in the Town of Hunter and State of New York [giving] the said The National Bank of Windham, its successors or assigns, full power and authority for its or their own use and benefit, but at its own cost to ask, demand, collect, receive, compound and give acquittance for the same, or any part thereof, and in my name, or otherwise, to prosecute and withdraw any suits or proceedings at law or in equity therefor.'' As elsewhere appears, the sum of $717.60 thus set over was the amount of Chyzowych's promissory note held by the assignee bank.

On December 13, 1963, respondent Self-Reliance (J. C.) Federal Credit Union docketed a judgment against Walter Chyzowych, Lew Shankowsky, Bodkan Czaykowskyz and Mykola Lebed in the amount of $6,307.12 and a second judgment against Walter Chyzowych and Lew Shankowsky in the amount of $6,788.93.

We need not enumerate the liens and other instruments effective prior to the Saugerties assignment of September 8, 1962 or those subsequent to the Self-Reliance judgment of December 13, 1963.

On March 17, 1965, judgment of the Court of Claims for $24,188.02 was entered in favor of Chyzowych.

## SHANKOWSKY CLAIM NO. 41478

### (Appeal No. 11494)

Claimants Lew Shankowsky and Martha Shankowsky also owned certain lands in Greene County, part of which was appropriated by the State on August 13, 1962 and at which time, title to the appropriated lands vested in the State.

On September 8, 1962 the Shankowskys assigned their interest in the proceeds of this claim to the Saugerties Coal and Lumber Company, Inc. The instrument to accomplish this was termed '' ASSIGNMENT OF PROCEEDS '' and stated that they assigned '' all monies now due or which hereafter may be due to us by reason of appropriation by the State of New York, filed pursuant to the Conservation Law of the State of New York, which said notice of appropriation was dated August 8, 1962, and was duly recorded in the office of the Greene County Clerk on the 13th day of August, 1962.'' There appears to be no dispute that the assignors were indebted to the assignee at this time, for goods sold and delivered.

On December 13, 1963, respondent Self-Reliance (J. C.) Federal Credit Union docketed a judgment against Walter Chyzowych, Lew Shankowsky, Bodkan Czaykowskyz and Mykola Lebed in the amount of $6,307.12 and a second judgment against Walter

Chyzowych and Lew Shankowsky in the amount of $6,788.93.

On March 17, 1965, judgment of the Court of Claims for $22,722.98 was entered in favor of Lew Shankowsky and Martha Shankowsky.

In this opinion we specifically deal only with the judgment and the two assignments of the three parties hereinbefore named who are the only parties who have filed briefs and argued or submitted the appeals; and consequently we omit from our discussion, and leave for adjustment by Special Term in accordance with the guidelines hereinafter established, the priorities of the remaining liens and assignments as respects the judgment and the two assignments herein discussed and as between themselves.

There being no facts in dispute, we turn now to the question of law upon which all three appeals turn. At issue is the determination of the priorities between the claims of Saugerties and First Trust under assignments (each given for a valuable consideration) and Self-Reliance under its subsequent judgment. Or, to put it another way, when title has vested in the State thus requiring it to then be obligated to pay damages to the claimant, is an assignee of the proceeds thereof, entitled to recover the allocable proceeds thereof as opposed to a judgment creditor of the assignor, whose judgment was recovered subsequent to the assignment? Special Term has held, after a reference and hearing, that the judgment creditor should prevail and adopted the Referee's determination that the assignment related to after-acquired property or future interests and it could not, therefore, take effect until the condemnation award had actually been made.

Upon the facts in this case, we think Special Term erred.

While the proceeds assigned were to be paid in the future they could not be considered as those " future rights " which have defeated holders of an equitable assignment as against a judgment creditor. The " future rights " which give rise to concern in this area are those *rights* which arise in the future; or, more aptly stated in its most precise definition, a *right* which the assignor does not have at the time of the assignment but which he expects to have under some arrangements he is *about* to enter. Neither the assignment to Saugerties nor that to First Trust concerned itself with any such rights in the future, but each did concern itself with a right (to proceeds) which he already possessed and a right which in that sense had already matured. A right to future performance under an obligation existing at the time of assignment is an existing right as opposed to a future right. Indeed, the court in *Grossman* v. *Schlosser* (19 A D 2d 893) in discussing the landmark case of *Williams* v. *Ingersoll* (89 N. Y. 508) acknowledged the assignability of

" proceeds " and went on to say: " Nevertheless, the court held that the assignment of the proceeds of a cause of action, prior to its settlement or adjudication, was valid and effectual as an equitable assignment against the assignor *and* his attaching creditor, and that such assignment was not against public policy " (emphasis supplied).

When the assignee received the assignment, it then had a constitutional right to compensation (3 Nichols, Eminent Domain [3d ed.], § 8.1, subd. [2], p. 6) because the notice of appropriation had then been filed in the office of the proper County Clerk and title to the appropriated lands had already vested in the State. " That the owner has an unconditional constitutional right to compensation is always to be considered, and he cannot be treated as an ordinary litigant " (3 Nichols, Eminent Domain [3d ed.], § 8.3, p. 23). The assignor's right had become fixed and, at the time of the assignment, he had a matured claim for proceeds and no future " interests " were involved. An existing right was transferred for which there was a method of enforcement and the rights of the assignee could not be nor were they pre-empted by any subsequent claims or judgments against the assignor.

Our conclusion seems to us in all respects consistent with the holding in *Stathos* v. *Murphy* (25 A D 2d 500, affd. 19 N Y 2d 883), and which was decided subsequent to the decision of the Referee.

We find no merit in respondent's other contentions and hold that in Appeals Nos. 11493 and 11772 relating to the proceeds of the payment of Claim No. 41487, the assignment to Saugerties has priority over the assignment to First Trust and that each is prior to the judgment of Self-Reliance; and in Appeal No. 11494 relating to the proceeds of the payment of Claim No. 41478, that the assignment to Saugerties has priority over the judgment of Self-Reliance.

The order in each case should be reversed on the law, in accordance with this opinion, and each case remitted to Special Term for determination of priorities in accordance herewith. Settle order.

GIBSON, P. J., HERLIHY, REYNOLDS and AULISI, JJ., concur.

Order in each case reversed, on the law, without costs, in accordance with the opinion herein, and each case remitted to Special Term for determination of priorities in accordance with said opinion. Settle order.